### YAEGER &c. COMPANY v. RAWLS.

1. GUARANTOR—AGENT—PLEADINGS—AMENDMENT.—An agent, selling on commission, extended an order to his principal for a certain brand of flour, guaranteeing payment. An inferior brand was shipped, draft drawn and accepted by the purchaser, but not paid, and the purchaser offered this agent to return the flour if repaid his drayage and handling expenses, but this offer was not communicated by the agent to his principal until after sale of the purchaser's stock under a chattel mortgage. The seller then sued the purchaser to judgment, and on return of *nulla bona,* sued this agent on his guaranty. *Held,* that there was error under the pleadings in permitting the jury to base a verdict for plaintiffs on the agent's neglect

of duty in informing his principals of the purchaser's offer, whereby the plaintiffs might have saved themselves, notwithstanding their shipment of goods other than those for which payment was guaranteed. But an amendment of the complaint was authorized by this court if applied for on Circuit within a time limited.

Before WITHERSPOON, J., Richland, April, 1893.

Action by the Yaeger Flour Mill Company against Benjamin A. Rawls, on defendant's guaranty of a contract for the purchase of flour.

*Messrs. Clark & Muller*, for appellant.

*Messrs. Lyles & Muller*, contra.

April 23, 1894. The opinion of the court was delivered by

MR. JUSTICE POPE. This was an action begun by the plaintiff against the defendant in the Court of Common Pleas for Richland County, in this State, on the 26th July, 1891, and came on for trial before Judge Witherspoon and a jury at the Spring Term, 1893, of said court, wherein the plaintiff sought to recover $690.06 from the defendant, by reason of the latter's guaranty, while he was agent of the plaintiff, for a valuable consideration, of a debt due by one A. McCraney, a merchant in the city of Columbia, in this State, to the plaintiff. Verdict being rendered for plaintiff, and judgment having been entered up thereon, the defendant now appeals to this court, upon alleged errors in the charge of the presiding judge to the jury:

1. Because his honor erred in charging the jury that if they concluded, from the evidence, that the defendant was, at the time of the transaction, the agent of the plaintiff to sell the flour, then the defendant occupied a different position from that of an ordinary guarantor.

2. Because his honor erred in charging the jury as follows: "And I charge you, that if you conclude that the flour sent to McCraney did not come up to the terms of the contract, the very best quality of their, the plaintiff's, 'Anita' flour, then, if Rawls knew nothing at all about that, had no knowledge that it didn't come up to the contract in time to save this com-

pany from any loss, then he could occupy the outside position of a stranger, and say: 'I can stand squarely on my contract, and if you ship any other flour, I am not bound, obligated, to pay,' and he would be relieved, if you conclude they shipped a different quality of flour from that of the contract. But if you conclude that Rawls was then acting as agent to the plaintiff here for the sale of their flour, and they sent flour here that didn't come up to the standard, the contract, and Rawls knew it at the time it reached here, or very soon thereafter, it was his duty—he was the guarantor to them, he occupied the dual position, not only guarantor but agent, if you so conclude—it was his duty to let them know it, so as to give them an opportunity to protect themselves;" in this, that his honor thereby gave the jury to understand that the knowledge of Rawls, of a material alteration in the contract, the performance of which he had guaranteed, would render him liable as guarantor, on the altered or new contract, whether he consented to such alteration, or not.

3. Because his honor erred in charging the jury as follows: "In order for him (the defendant) to be protected by a different quality of flour being shipped from that which was placed in the contract, it must appear that he did not know it, and that he didn't, by his silence, acquiesce, as their agent, to that extent, so far as his liability is concerned—acquiesced in the changed condition of the quality of the goods. If he did, Mr. Foreman, he cannot claim any protection here as guarantor, because, from my view of the case, he does not occupy the high position of guarantor, if he be the agent of the plaintiff, or was their agent at the time, for the sale of that class of goods, because, in occupying that position, he was under certain obligation to his principals, that is, this company;" in this, among other respects, that thereby his honor gave the jury to understand, that where the performance of a contract is guaranteed by the agent through whom the contract was made, a material alteration in such contract, made by the agent's principal and the other party thereto, would not discharge the agent from his liability as guarantor, if he knew of such alteration, whether he consented to such alteration or not.

This case, as will be readily seen, presents phases in the law governing the relation of guarantor quite distinct from those that usually present themselves in cases where the guarantor is sought to be charged for the default of him for whom the guaranty was made. To correctly apply the law here, it will require that a short recital of the facts in testimony at the hearing in the court below should be made. The plaintiff, the Yaeger Flour Mill Company, was a body corporate under the laws of the State of Missouri, and as such engaged the defendant to sell their flour. When applied to by defendant to sell a car load of flour, 125 barrels, to one A. McCraney, the plaintiff declined, unless defendant would agree to become guarantor for McCraney. This the defendant agreed to do in writing. The flour was to be of plaintiff's best fancy patent "Anita." The flour was shipped by plaintiff to McCraney, who accepted their draft on him for the price agreed upon. Default was made by McCraney, who was sued to judgment, and after return of *nulla bona* on execution by sheriff, the plaintiff sued the defendant on his guaranty. Recovery was resisted because defendant alleged that the flour shipped was inferior in quality to that ordered. Proof sustained this allegation. It also showed that defendant knew at once of this inferiority, and that McCraney offered to turn the flour over to him if he would pay drayage; but these facts the defendant failed to communicate to the plaintiff for some time afterwards, and until it was too late for plaintiff to protect themselves; for McCraney was closed out as a merchant by one of his creditors who held a chattel mortgage over his stock in trade.

Thus it is apparent that the effect of a variation in the contract is involved, but coupled with the effect of a variance of the contract when the same is known by guarantor, who is also agent of the seller, and who, when an offer is made by McCraney, the purchaser, to return the goods if drayage paid by him thereon is returned to him, failed to acquaint his principal, the seller, of such offer, whereby they lost the opportunity to protect themselves.

It scarcely needs the citation of an authority to support what has really become elementary law, that a surety or guarantor

will be discharged from his obligation to pay the debt of another by contract when any change is made in the contract without his consent, waiving the effect upon him of any such change in the contract. But certainly the old truism, "circumstances alter cases," will intervene sometimes, not to alter the rule we have just announced, but to create a liability by which a party is denied the benefit of this rule. When a person is the agent of another, under a contract for remuneration for such agency, and in the course of the duties of his agency distinctly guarantees payment by a customer of a debt, and thereafter, though the contract with the customer is slightly altered, with his knowledge, receives valuable information, in the course of his agency, directly relating to the subject matter of his agency and guaranty, that he withholds from his principal until too late for the principal to avoid a loss for the want of such information, such guarantor and agent will be held bound by his guaranty when under other circumstances he would have been released.

Now, here Rawls, the defendant, was the agent of plaintiff under a contract for remuneration as such agent. While Rawls, the defendant, was such agent, and while in the discharge of the duties of his agency he makes a contract for his principal with McCraney, whereby the latter was to purchase 125 barrels of "Anita" brand of flour from his principal, the plaintiff, and said Rawls, as an inducement to the plaintiff to make this sale to McCraney, agrees to guarantee the payment by McCraney. The plaintiff ships goods, somewhat different in quality from the contract made by Rawls as plaintiff's agent, which goods McCraney accepts (but with Rawls' knowledge), and accepts plaintiff's draft covering the contract price for the flour. McCraney, when he discovers the difference in the flour, notifies Rawls, as the agent of the plaintiff, thereof, and offers to turn over the flour to him upon reimbursement for the drayage on the same, but Rawls neglects to communicate to his principal this information until it was too late for plaintiff to act upon the proposition of McCraney, who in the meantime has been closed up in business by the holder of a chattel mortgage on his stock in trade. McCraney cannot pay the plaintiff

after judgment recovered; and when Rawls is sued on his guaranty of McCraney's debt, he declines to pay, and when sued, sets up as a defence, as before said, the variation of the contract. Under the circumstances, in my judgment, he should not be allowed the benefit of the usual rule as to guarantors, when a variance occurs in the contract.

When the Circuit Judge held, as he did in his charge to the jury, that if they found from the evidence that Rawls was the agent of the plaintiff, at the time of this transaction, to sell the flour, and found the other allegations to be true, then he occupied a different position from that of an ordinary guarantor, he committed no error, especially when his charge is construed as a whole. Nor do I think, from the views heretofore set out, the Circuit Judge committed any error, as pointed out in the second and third grounds of appeal. I think the judgment should be affirmed. But, as the organ of the court, I am directed by the majority of the court to announce as the judgment of this court, from which I dissent, that the Circuit Judge was in error in all the matters complained of. The majority of this court find that, while Rawls has been sued on one cause of action—that of guarantor—judgment has really been rendered on another case of action—breach of his duty to plaintiff as its agent. However, in the same connection, the majority hold that the plaintiff should be allowed, after the cause is remanded to the Circuit Court, if he shall so desire, within twenty days after notice of this judgment, to apply for such amendments to his complaint as he may desire.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and that after the action shall be remanded to the Circuit Court, and within twenty days after notice of this judgment, the plaintiff may apply to the Circuit Court for such amendments as he may desire; if such amendments are not applied for in the said twenty days, the privilege to amend shall be denied and the complaint shall be dismissed.

MR. CHIEF JUSICE MCIVER and MR. JUSTICE MCGOWAN concurred in the result.